IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  5:13cr13/MW/EMT
             5:18cv63/MW/EMT

TRACY L. COLLIER

---

## ORDER ACCEPTING AND ADOPTING
## REPORT AND RECOMMENDATION AND DENYING § 2255 MOTION

This Court has considered, without a hearing, the Magistrate Judge's Report and Recommendation, ECF No. 376, and has also considered *de novo* Defendant Collier's recently filed objections to the report. ECF No. 384.[1]

The majority of Collier's objections are restatements of his original arguments and do not warrant further discussion. The question of his competency, however, merits some consideration.

Collier claimed in his original motion to vacate that counsel was constitutionally ineffective because she did not place mitigating evidence concerning his mental illness before the court during the "penalty phase" of his trial. ECF No. 350 at 29-32. Throughout his argument as to this ground for relief, he

---

[1] This Court entered an Order Accepting and Adopting Report and Recommendation, ECF No. 377, but withdrew the order upon receiving Defendant's motion for reconsideration, ECF Nos. 380, 381. The Court then entered a second Order Accepting and Adopting Report and Recommendation after considering Collier's motion *de novo* as objections to the Report and Recommendation, ECF No. 382, but withdrew that order upon receiving the objections now under consideration, ECF Nos. 384, 385.

repeatedly refers to counsel's failings during his "resentencing." Resentencing after remand took place on March 6, 2017. ECF No. 321. Collier specifically refers to counsel's alleged warning that, "If you don't get this over with, the court will sentence you to the same sentence as before!" ECF No. 350 at 30. This provides further evidence that Collier's complaint was directed towards counsel's alleged failings at that proceeding.[2]

The Magistrate Judge noted in her recommendation that counsel "brought Collier's 'history of mental health issues' to the court's attention, specifically noting that in the year 2000, he was adjudicated incompetent by a state court and competency was never restored" but that counsel voiced no concerns about Collier's competency to proceed at that time. ECF No. 376 at 32 (citing ECF No. 338 at 6-7).

Collier's objections appear to seek to expand his allegations to claim counsel was constitutionally ineffective for not raising the issue of his competency either at the time of the offense conduct or before trial. Permitting Collier to broaden his claim at this juncture of the proceedings would be futile as his position has no record support.

---

[2] Collier's original sentence of 164 months was reduced to 84 months upon resentencing. ECF Nos. 194 and 323.

Collier claims that he was adjudicated incompetent in February of 2000 in Orange County, Florida, and his competency was not restored. ECF No. 384 at 4. The lack of record proof that his competency was restored is not dispositive, because at least two courts presumed his competence thereafter. The Presentence Investigation Report (PSR) reflects that Collier was sentenced in Memphis, Tennessee for Assault in August of 2000. ECF No. 320, PSR ¶ 61. Then, on May 4, 2001, a Bay County, Florida, jury found Collier guilty of lewd and lascivious battery, and on December 19, 2001, another jury in Bay County found him guilty of escape. *Id*. at ¶ 62 and ¶ 63. Thus, Collier was tried and convicted in Florida courts at least twice after he was adjudicated incompetent in Orange County.

Additionally, the issue of when Collier was under the influence of psychotropic medications is unclear. Collier advised this Court at his resentencing in March of 2017 that he had been treated for mental health issues while in custody, but he had stopped taking the medication because "[i]t was messing my head. Can't think." ECF No. 338 at 10. He explained that the first time he stopped taking the medication was in 2009, and the second time was in June of 2015. *Id*. at 10-11. The record does not reflect precisely when he restarted the medication, but the PSR again provides evidence that it was not until after the offense conduct in this case.

3

Collier's original PSR was prepared on April 1, 2014 and completed on June 2, 2014. ECF No. 182 at 1. This PSR contains a reference to Collier's diagnosis of manic depression with paranoid delusions in 2000. ECF No. 182, PSR ¶ 95. Consistent with what Collier told the Court, the PSR reflects that in 2009 an Orlando, Florida, psychiatrist advised Collier to stop taking his prescribed medication, Haldol and Mellaril. *Id.* When speaking to the probation officer, Collier described his mental condition as "somewhat depressed but believed it was due to his current legal situation." *Id.* He further said he was feeling "alright," denied suicidal or homicidal ideation, and that he was "frustrated" with the federal charges. *Id.* Significantly, despite the specificity of his recall, Collier never mentioned having resumed taking antipsychotic medication between 2009 and the date of his interview with the probation officer.[3] This suggests Collier was not on medication between 2009 and after his interview with probation.

Most significantly, even if Collier had been on medication during the time in question, there is no independent evidence of his alleged incompetence; instead, there is evidence to the contrary. Collier's trial counsel unequivocally stated in an affidavit submitted in conjunction with the Government's response to the § 2255

---

[3] Collier did mention that he had been treated by a Dr. Smith in Panama City, but the nature and scope of that treatment is not apparent from the PSR. ECF No. 182, PSR ¶ 95.

4

motion that she had "no concerns that [Collier] was not competent to proceed" at any point during her representation. ECF No. 361-1 at 4. According to counsel, Collier "meaningfully participated in his defense and demonstrated an advanced understanding of the proceedings and strategies employed" and his "level of intelligent participation surpassed that of any [previous] client." *Id*. She also observed no difference in his ability to participate in the main proceedings or to participate in his defense upon resentencing. *Id.* Counsel's observations are in stark contrast to Collier's self-serving claim that he "did not and could not appreciate the nature of the proceedings against him due to the use of prescribed psychotic(s)." ECF No. 384 at 4. He has not established a constitutional violation stemming from the lack of a competency hearing.

The Court briefly notes some of Collier's other claims or objections which do not warrant § 2255 relief as they are not properly before the court, they are without merit, or both. For instance, Collier claims he never knew about the tax fraud scheme because other unidentified inmates conducted the acts using his name and Department of Corrections number while he was at the Central Florida Reception Center at various points between September 2011 and August 12, 2012. The record contains no corroboration of this claim and the PSR mentions only medical treatment beginning in January of 2013 for Collier's eyes. ECF No. 320, PSR ¶ 94.

Collier claims counsel was ineffective because she did not object to a particular piece of evidence. ECF No. 384 at 12-13. He claims that a letter allegedly from Collier to co-defendant Taylor that was used by the Government as evidence was not actually from him. A mistake in the identity of the author of the letter would have been a matter for argument, not a basis for excluding it from evidence, and again, counsel's failure to object does not establish counsel's ineffectiveness under *Strickland* and its progeny.

Collier's challenges to the sufficiency of the evidence and the application of certain guidelines enhancements are non-constitutional claims that are not viable in a § 2255 proceeding. To the extent Collier claims that counsel chose the "wrong" defense theory, this does not prove that counsel was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668, 686 (1984). *See, e.g., Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) ("[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness.")

Collier's objection to the Magistrate Judge's conclusion about the speedy trial violation, ECF No. 384 at 14-15, is premised on his continued assertion of his incompetence, for which there is no record support.

Finally, Collier's complaint about the Court's imposition of restitution is not viable in a § 2255 motion. *See Mamone v. United States*, 559 F. 3d 1209 (11th Cir. 2009) (holding prisoner cannot use 2255 to challenge restitution portion of sentence whether challenge is alone or combined with another challenge to custodial portion of sentence).

Accordingly, it is now **ORDERED** as follows:

The Magistrate Judge's Report and Recommendation, ECF No. 376, is accepted and adopted and incorporated by reference in this order. The Clerk shall enter judgment stating "Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 350, is **DENIED.** A Certificate of Appealability is **DENIED**." The Clerk shall close the file.

**SO ORDERED on October 16, 2020.**

<u>**s/Mark E. Walker**</u>
**Chief United States District Judge**